

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

November 25, 2019

FILED
DEC 11 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

Michael Payne, Esquire
205 Capitol Street, Suite 400
Charleston, WV 25301

    Re: United States v. James Evans
         Criminal No. 2:19-cr-00267 (USDC SDWV)

Dear Mr. Payne:

    This will confirm our conversations with regard to your client, James Evans (hereinafter "Mr. Evans"). As a result of these conversations, it is agreed by and between the United States and Mr. Evans as follows:

    1. **PENDING CHARGES.** Mr. Evans is charged in a single-count indictment with a violation of 18 U.S.C. §§ 922(u), 924(i)(1), and 2 (aiding and abetting theft from Federal Firearms Licensee).

    2. **RESOLUTION OF CHARGES.** Mr. Evans will plead guilty to a violation of 18 U.S.C. §§ 922(U), 924(i)(1), and 2 (aiding and abetting theft from Federal Firearms Licensee) as charged in said indictment.

    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Evans will be exposed by virtue of this guilty plea is as follows:

    (a) Imprisonment for a period of up to 10 years;

    (b) A fine of $250,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

*JE*
_____
Defendant's
Initials

(c) A term of supervised release of up to 3 years;

(d) A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT.** Mr. Evans has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Evans agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5. **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Evans agrees that he owes restitution in the amount of up to $9,201.44 and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Evans further agrees as follows:

(a) Mr. Evans agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Evans will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Evans agrees not to dispose of, transfer or otherwise

_JE_
Defendant's Initials

        encumber any real or personal property which he currently owns or in which he holds an interest, including:

6. **PAYMENT OF MONETARY PENALTIES.** Mr. Evans authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Evans agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Evans further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    Mr. Evans authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

    In addition to any payment ordered by the Court, Mr. Evans shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

    Mr. Evans agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box

_____
Defendant's Initials

1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

7.  **COOPERATION.**  Mr. Evans will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Evans may have counsel present except when appearing before a grand jury.

8.  **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Evans, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9.  **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Evans for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Evans for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**  The United States and Mr. Evans stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

_____
Defendant's Initials

Mr. Evans agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Evans or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Evans knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Evans understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Evans agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2K2.1

| | |
|---|---|
| Base offense level | 12 |
| Number of firearms | + 4 |
| Adjusted offense level | 16 |

The United States and Mr. Evans acknowledge and understand that the Court and the Probation Office are not bound by the

_____
Defendant's Initials

parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Evans knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 16, regardless of criminal history category. Mr. Evans also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction 18 U.S.C. §§ 922(u), 924(i)(1), and 2 is unconstitutional, and (2) Mr. Evans' conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the 18 U.S.C. §§ 922(u), 924(i)(1), and 2.

The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 13, regardless of criminal history category.

Mr. Evans also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

_____
Defendant's Initials

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Evans knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Evans;

(f) Advise the Court concerning the nature and extent of Mr. Evans's cooperation; and

(g) Address the Court regarding the issue of Mr. Evans's acceptance of responsibility.

14. **VOIDING OF AGREEMENT.** If either the United States or Mr. Evans violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses

_____
Defendant's Initials

Michael Payne, Esquire
November 25, 2019                    Re: James Evans
Page 8

to accept this agreement, it shall be void.

    15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Evans in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Evans in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                              MICHAEL B. STUART
                              United States Attorney

            By:    */s/ Joshua C. Hanks*
                    JOSHUA C. HANKS
                    Assistant United States Attorney

JCH/ajc

 

 

                                                         *JE*
                                                     Defendant's
                                                     Initials

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 8-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____*James Evans*_____           _____12-2-19_____
James Evans                            Date Signed
Defendant

_____*Michael Payne*_____         _____12-1-19_____
Michael Payne, Esquire                 Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                          CRIMINAL NO. 2:19-cr-00267

JAMES EVANS

## STIPULATION OF FACTS

The United States and JAMES EVANS (hereafter, "I") stipulate and agree that the facts comprising the offense of conviction (the Indictment in the Southern District of West Virginia, Criminal No. 2:19-cr-00267 and the relevant conduct for that offense, includes the following:

1. On April 7, 2019 I participated in the theft of approximately 23 firearms from Old and New Sports located in Ravenswood, Jackson County, West Virginia and within the Southern District of West Virginia. I rode to Old and New Sports in Rebecca Sellers' vehicle that was driven by Destiny Moore. We were accompanied by a minor who was not charged in the indictment. The minor and I broke into the store and stole the firearms.

2. I agree with the United States that Old and New Sports is a federally licensed firearms dealer.

3. I agree that the firearms taken from Old and New sports were firearms as defined in 18 U.S.C. § 921(a)(3) and that each of them had been shipped and transported in interstate commerce.

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

**PLEA AGREEMENT EXHIBIT A**

Stipulated and agreed to:

_____*James Evans*_____     12-1-19
JAMES EVANS                                   Date
Defendant

_____*[signature]*_____     12-1-19
MICHAEL PAYNE, ESQUIRE                        Date
Counsel for Defendant

_____*[signature]*_____     12/11/19
JOSHUA C. HANKS                               Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
2